# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7319 | **DATE** | 6/14/2000 |
| **CASE TITLE** | Van Jackson, et al. Vs. Check 'N Go of Illinois, Inc., et a | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order granting plaintiff's motion to certify class and denying defendant's motion to dismiss counts I and II. Discovery is ordered closed on 9/15/00. Pretrial order to be filed by 10/13/00. Response to any motions in limine due by 10/27/00. Pretrial conference set for 11/17/00 at 4:00 p.m. Trial date to be set at that time.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 1 5 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 6/14/2000 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

ADELE M. VAN JACKSON, LIZABETH )
MACCOGNO, JAMES MILTON, )
CATHERINE STURGESS, GWEN )
JOHNSON-HARRIS, LAURITA COBB, )
HEATHCLIFF ANDERSON, KATHERINE )
NEWSOM, KENNETH STRYBEL, LINDA )
RUTH BUTLER, CHANEL L. TELL, )
BETTIE TALLEY f/k/a BETTIE )
PERRY, TYRONE TILLMAN, DIANE )
BURGIN, J.R. DAVIS, and VENUS )
JONES, )
        Plaintiffs, )
)
v. ) No. 99 C 7319
)
CHECK 'N GO OF ILLINOIS, INC., )
CNG FINANCIAL CORPORATION, )
JARED A. DAVIS, DAVID DAVIS, )
and JOHN DOES 1-10, )
)
        Defendants. )

DOCKETED
JUN 1 5 2000

## MEMORANDUM OPINION AND ORDER

The plaintiffs took out "payday loans" from Check n' Go of Illinois. Payday loans are short term loans at very high interest rates--here, up to 521.43% annually--for which the creditor requires as "security" a postdated check that can be cashed on the debtor's next payday. The plaintiffs sued for statutory damages under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") and Regulation Z, 12 C.F.R. §§ 226.17-18 (count I), several

31

individual TILA claims (count II), a common law contract claim of unconscionability (count III), and the Illinois Consumer Fraud Act, 815 ILCS 505/1, et seq. (count IV). They also move to certify the class of all Illinois debtors of the defendants who signed one of four consumer loan agreements after November 10, 1998 with respect to count I, November 10, 1994 (count III), and November 10, 1996 (count IV). The defendants move to dismiss counts I and II of the complaint and oppose the certification of the class. I grant the motion to certify the class and deny the motion to dismiss.

II.

Rule 23(a) of the Federal Rules of Civil Procedure provides for certification of a class when: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *Shvartsman v. Apfel*, 138 F.3d 1196, 1201 (7th Cir. 1998). This is a class action for damages under Rule 23(b)(3). The showing for a Rule 23(b)(3) certification is that: (1) common issues of law and fact predominate and (2) a class action is superior to other forms

of adjudication. *Warnell v. Ford Motor Co.*, 189 F.R.D. 383, 386 (N.D. Ill. 1999). The parties seeking class certification assume the burden of demonstrating that certification is appropriate. *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Generally, I should assess whether the class should be certified prior to any ruling on the merits, *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997), and I do so here.

Under the Rule 23(a) requirements, the defendant does not dispute that (1) that the class is numerous enough. It challenges (2) commonality and (3) typicality, arguing, first, that the plaintiffs have not established any basis for recovery of statutory damages under TILA (count I), and so must make a showing of individual damages with proximate cause; the defendants also argue that there are many individual defenses and counterclaims applicable to some but not all plaintiffs. However, the argument that the plaintiffs cannot recover statutory damages under TILA goes to the merits. I take it up in the motion to dismiss following the present motion, but I cannot consider it here. The defendants make an unexplained assertion that there is some similar problem under the Illinois Consumer Fraud Act claim (count IV), but

undeveloped arguments are waived and bald assertions are worthless.

Finally, the defendants argue that the unconscionable contract claim (count III) depends on a doctrine of "substantive" unconscionability that has allegedly been rejected by the Seventh Circuit; they contend that the plaintiffs must rely on "procedural" unconscionability. *See Frank's Maintenance & Eng'g, Inc. v. C.A. Roberts Co.*, 408 N.E.2d 403, 410 (Ill. App. Ct. 1980) ("Procedural unconscionability consists of some impropriety during the process of forming the contract depriving a party of a meaningful choice"; "[s]ubstantive unconscionability concerns the question whether the terms themselves are commercially reasonable."). Procedural unconscionability requires individual inquiry into whether there are gross disparities in the bargaining positions or commercial experience of the parties, *Reuben H. Donnelley Corp. v. Krasny Supply Corp.*, 592 N.E.2d 8, 12 (Ill. App. Ct. 1991), and, according to the defendants, this prevents the plaintiffs from satisfying the commonality or typicality requirements.

First, however, the defendants fail to show that the Seventh Circuit has in fact rejected the substantive unconscionability doctrine in Illinois. They cite a case stating that a commercially unreasonable term, one that "no person in his right mind would have

agreed to," may give rise to, but does not require, an inference of unconscionability. *The Original Great American Chocolate Chip Cookie Co., Inc., v. River Valley Cookies, Ltd.*, 970 F.2d 273, 281 (7th Cir. 1992). However, that is not the same as denying that there is any such thing as substantive unconscionability; on the contrary, it allows an inference of unconscionability from the commercial unreasonableness of the terms.

The defendants also acknowledge that another judge of this court accepted a "substantive unconscionability" basis for the commonality requirement, *see Reed v. Chartwell Financial Services*, Nos. 98 C 6965-66, 1999 WL 181986, at *2 (N.D. Ill. Mar. 24, 1999) (unreported opinion) (citing *Frank's Maintenance*). The defendants assert, without explaining how this is possible, that the Seventh Circuit's decision on state law supercedes the Illinois courts'. However, *Great American Chocolate Chip Cookie* and *Reed* are consistent with each other and with *Frank's Maintenance*. Moreover, the Seventh Circuit has recognized that the Illinois courts admit substantive unconscionability as a contract defense. *See Richardson v. IRS*, 125 F.3d 551, 554 (7th Cir. 1997) (*citing In re Marriage of Richardson*, 606 N.E.2d 56, 68 (Ill. App. Ct. 1992) (A certain agreement was "procedurally and substantively unconscionable.")).

But even supposing that the plaintiffs must rely on procedural unconscionability, the defendants do not adequately explain why there are such great variations in the bargaining positions and the commercial experience of the parties, *Reuben H. Donnelly Corp.*, 592 N.E.2d at 12, as to preclude a class action. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("[F]actual variations among class members' grievances do not defeat a class action.").

The defendants argue that the Rule 23(a)(4) adequacy-of-representation requirement has not been met because Ms. Van Jackson has not established that she was a "necessitous borrower with only limited access to loans." The defendants do not explain why that would be necessary for her to be an adequate representative, or, if it was necessary, then why she took out a payday loan at more than 500% interest if she was not a necessitous borrower. In any event, the Rule 23(a)(4) requirement is that the class representative will fairly and adequately protect the interest of the class, and there is no reason to think that Ms. Van Jackson or the other named representatives lack a "direct and substantial interest in the issues involved in the current litigation," *United States v. City of Milwaukee*, 144 F.3d 524, 528 (7th Cir. 1998); moreover, the adequacy requirement has been interpreted to mean that I should

assess the class lawyer's competence before certifying a suit to proceed as a class action. *See General Telephone Co. v. Falcon*, 457 U.S. 147, 157-58 n.13 (1982). The defendants admit (or complain) that the plaintiffs' attorneys are experienced class action litigators with approximately 75 TILA lawsuits filed in payday loan cases in this circuit. Their pleadings and briefs in this and other cases are professional and competent. I hold that the requirements of Rule 23(a) are satisfied.

The defendants also argue that the plaintiffs have not satisfied the Rule 23(b)(3) requirements that: (1) common questions of law and fact predominate over questions affecting only individual class members, and (2) a class action is superior to other available methods. As to (1), the defendants have nothing to offer beyond the arguments against Rule 23(a)(2) and (3) commonality and typicality requirements that I have already considered and rejected. As to (2), the defendants argue that the case will be hard to manage because individual issues predominate; that is, their argument against class predominance also depends on the rejected arguments under Rule 23(a)(2) and (3). I appreciate the defendants' concern about my caseload, but I would much rather handle this case as a class action than try hundreds of individual

claims. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553 (1974)("[E]fficiency and economy of litigation . . . is a principal purpose of the procedure.").

This is precisely the kind of case that class actions were designed for, with small or statutory damages brought by impecunious plaintiffs who allege similar mistreatment by a comparatively powerful defendant, one that, if the facts alleged were proved, otherwise might get away with piecemeal highway robbery by committing many small violations that were not worth the time and effort of individual plaintiffs to redress or were beyond their ability or resources to remedy. *See In the Matter of American Reserve Corp.*, 840 F.2d 487, 489 (7th Cir. 1988) ("[C]lass actions aggregate claims and permit both compensation and deterrence that are otherwise impossible."). I hold that Rule 23(b)(3) is satisfied, and I grant the motion to certify the class.

II.

I now turn to the merits, considering the defendants' motion to dismiss. TILA requires certain disclosures to be made in a certain form. Among the required disclosures is, "[w]here the credit is secured, a statement that a security interest has been taken in . . . property not purchased as part of the credit

transaction identified by item or type. 15 U.S.C. 1638(a)(9); 12 C.F.R. § 226.18 (m) ("Security interest [disclosure]. The fact that the creditor has . . . acquire[d] a security interest . . . in other property identified by item or type."). All disclosures required by federal law must be grouped together and "conspicuously segregated" from other information. 15 U.S.C. § 1638(b)(1). TILA receives a hypertechnical reading. *Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407, 417 (7th Cir. 1980), *overruled on other grounds by Pridegon v. Gates Credit Union*, 683 F.2d 182 (7th Cir. 1982).

The plaintiffs charged that the defendants' form violates TILA and Regulation Z because the security disclosure is not properly made or properly segregated. The Consumer Loan Agreements signed by the plaintiffs have a box, normally called the "federal box," here headed "Our Disclosure to You," and listing several required disclosures, but not the security for the loan. The statement identifying the check as security for the loan is outside and above the "federal box" in small type, buried in a subordinate clause at the end of a paragraph written in repetitive and hard to read legalese:

> You may prepay this contract in full at any time. In accordance with the Truth in Lending Act (15 U.S.C. Section

> 1615) and the Illinois Consumer Installment Loan Act (205 ILCS 670/15), if you pay off this loan you shall be entitled to a refund of the unearned portion of the Finance Charge, unless that refund would be less than $1.00. The refund will be calculated in accordance with the method required by the Truth in Lending Act (15 U.S.C. Section 1615) and by the Illinois Consumer Installment Loan Act (205 ILCS 670/15). Upon determination of the amount owed based on your prepayment of the loan, we will return your check, which was used as security for the loan, and request payment from you of the amount due as revised in accordance with your prepayment.

As the Seventh Circuit commented in another context, "[t]his is not fine prose nor . . . terribly clear. It would appear to have been drafted by lawyers." *Bourke v. Dun & Bradstreet*, 159 F.3d 1032, 1037 (7th Cir. 1998). The defendants have a slightly more literate statement on the back of the form, misleadingly titled "Method of Payment."

The defendants do not dispute that they are technically in violation. They argue instead that the problem with the disclosure is only a "picky and inconsequential formal error[]," *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 991 (7th Cir. 2000), and therefore does not merit an award of damages under 15 U.S.C. § 1640(a). This provision states that statutory damages are available "*only* for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the 'amount financed'), (3), (4), (5), (6), or (9) of

section 1638(a) of this title . . . " (emphasis added). The Seventh Circuit held that the word "'only' . . . confines statutory damages to a closed list." *Brown*, 202 F.3d at 991. That was good for the defendants in *Brown*, who had not violated any of the listed provisions. It is fatal for the defendants here, who have indeed violated § 1638(a)(9). Therefore, the plaintiff's failure to plead actual damages is irrelevant.

The defendants try to avoid this result by claiming that the plaintiffs allege a violation only of § 1638(b)(1) (mandating that the required disclosures shall be conspicuously segregated). They try to analogize their own violation to those that the *Brown* court found to violate only § 1638(b)(1)--failure to emphasize certain typeface and omission of a descriptive explanation--and so to be ineligible for statutory damages. Here, however, the defendants simply failed to make the required disclosure. The case is more like *Leathers v. Peoria Toyota-Volvo*, 824 F. Supp. 155 (N.D. Ill. 1993), where "[t]he actual reference to the [collateral was] outside the 'Federal Box' and cannot be considered to be part of the required disclosures." *Id.* at 158. *See also Basham v. Finance America Corp.*, 583 F.2d 918, 926 (7th Cir. 1978) ([T]he disclosures must follow a "logical order" and not be "scattered throughout the

agreement."). Indeed, the language of the defendants' own form itself puts the statement about the check being a security outside the category of "Our Disclosures to You," which heads the box below that statement. In treating this required information as not disclosed, I do no more than take the defendants at their own word.

The defendants failed to make the § 1638(a)(9) disclosure not merely because they placed the statement about the check as security outside the federal box and above the "Our Disclosures to You" line, but also because the statement could not have been less accessible to the average person if it had been written in Sanskrit. The statement on the back makes up for being more accessible by being misleading. No one reading the heading ("Method of Payment") or even skimming the start of the sentence would guess that the text contained anything about the security.

All this goes not only to the admitted violation of § 1638(b)(1), but to whether the disclosure requirements of § 1638(a)(9) have been satisfied. The meaning of "disclosure" is "opening up to view, revelation, discovery, exposure." *United States and Mathews v. Bank of Farmington*, 166 F.3d 853, 860 (7th Cir. 1999)(*citing* 4 *Oxford English Dictionary* 738 (2d ed. 1989) (qui tam context)). The treatment of required information about the

security does not qualify as opening up to view, revelation, discovery, or exposure. Here the information is concealed in a haze of other material.[1]

Finally, it would frustrate the purpose of the disclosure law to read the statute to bar statutory damages when a required disclosure is hidden in the fine print at the end of an indigestible chunk of legalistic boilerplate, and outside the federal box, set apart from the defendants' own statement in that box about "Our Disclosures to You." That would give lenders a virtually free pass to violate the disclosure requirements by making them inaccessible to borrowers whom they might inadvertently mislead about what they were supposedly disclosing.

For these reasons, I hold that the plaintiffs have stated a claim for violation of § 1638(a)(9), and one for which statutory damages are available under § 1640 and *Brown*. The motion to dismiss count I is denied.

---

[1] The legislative history supports this reading of the statute. *See Continental Can Co., Inc. v. Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund*, 916 F.2d 1154, 1158 (7th Cir. 1990) ("[L]egislative intent [offers] a clue to the meaning of the text."). The Senate Report to the 1980 amendments stated that "no other data [is to be] be intermingled with [the required] information." S. Rep. No. 73, 96th Cong. 1st Sess. 17 (1979), *reprinted in* 1980 U.S.C.C.A.N. 280, 294.

III.

The defendants move to dismiss the individual TILA claims raised in count II by plaintiffs Anderson, Tillman, and Jones on the grounds that these plaintiffs signed contracts providing for enforceable arbitration agreements governed by the Federal Arbitration Act, 9 U.S.C. § 2, and therefore must be resolved by arbitration and not in court. There is a strong presumption in favor of arbitrability. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24-25 (1983). However, a mere mention of arbitration in a contract does not mean that the parties are ruled out of court. The arbitration clauses here do not provide for mandatory arbitration, but for arbitration at the election of "you [plaintiff] or us [defendants]." The plaintiffs assert that no one has elected to arbitrate anything, and the defendants do not deny this. An elective arbitration clause does not *require* the plaintiffs to submit to arbitration. They may choose their own forum. That is what "elective" means.

The contracts further provide that "[a] party who has asserted a claim in a lawsuit in court may subsequently elect arbitration with respect to any claim(s) subsequently asserted in that lawsuit by any other party or parties." Under the unambiguous language of

-14-

the contract, this allows for lawsuits as well as arbitration, and, moreover, would appear to preclude a party sued in court from preempting that lawsuit by subsequently electing arbitration; the choice of arbitration after a lawsuit has been filed is plainly up to the plaintiff in the lawsuit. Since the contract does not mandate arbitration, I need not discuss the plaintiffs' theory that arbitration clauses of this sort are unenforceable in a consumer or at least in a payday loan context. I decline to dismiss the individual TILA claims in Count II.

IV.

I GRANT the plaintiff's motion to certify the class. I DENY the defendant's motions to dismiss counts I and II.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 13, 2000

Copies are being mailed to:

Daniel A. Edelman
Edelman, Combs & Latturner
120 S. LaSalle Street, 18th Fl.
Chicago, IL  60603

Attorney for Plaintiffs

Daniel F. Konicek
Konicek & Dillon, P.C.
112 N. First Avenue
St. Charles, IL  60174

Attorney for Defendants