Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7319 | **DATE** | 11/6/2000 |
| **CASE TITLE** | Van Jackson, et al. Vs. Check-N-Go of Il., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to reconsider the denial of stay of proceedings is denied as set forth in the Memorandum Opinion and Order attached hereto. Filing of the pretrial order is extended to 11/24/00. Response to any motions in limine due by 12/8/00. Pretrial conference reset for 12/15/00 at 2:00 p.m. Trial set for 1/08/01 at 9:30 a.m. Ruling on plaintiffs' motion to approve the amended notice to be made by mail.
(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | 2 number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | NOV 07 2000 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 11/6/2000 date mailed notice |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials |
| | Date/time received in central Clerk's Office | |

FILED FOR DOCKETING
00 NOV -6 PM 5:25

Document Number 94

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADELE M. VAN JACKSON, LIZABETH MACCOGNO, JAMES MILTON, CATHERINE STURGESS, GWEN JOHNSON-HARRIS, LAURITA COBB, HEATHCLIFF ANDERSON, KATHERINE NEWSOM, KENNETH STRYBEL, LINDA RUTH BUTLER, CHANEL L. TELL, BETTIE TALLEY f/k/a BETTIE PERRY, TYRONE TILLMAN, DIANE BURGIN, J.R. DAVIS, and VENUS JONES,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CHECK 'N GO OF ILLINOIS, INC., CNG FINANCIAL CORPORATION, JARED A. DAVIS, DAVID DAVIS, and JOHN DOES 1-10,<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 99 C 7319 |

DOCKETED
NOV 0 7 2000

## MEMORANDUM OPINION AND ORDER

The plaintiffs in this class action sued the defendants, who run a payday loan operation, most centrally for failure to comply with the disclosure requirements of TILA. The defendants opposed class certification, and moved to dismiss the class TILA claims (count I), as well as individual TILA claims raised in count II by plaintiffs Anderson, Tillman, and Jones. I certified the class and denied the motion to dismiss in a memorandum opinion and order of

June 13, 2000, *Van Jackson v. Check 'N Go*, 193 F.R.D. 544 (N.D. Ill. 2000). I then granted the plaintiffs summary judgment on the TILA claims, 2000 WL 1372854 (N.D. Ill. Sept. 22, 2000). The defendants appealed the June 13, 2000 order, or part of it, apparently on the grounds that I wrongly denied that certain elective arbitration agreements signed by some members of the class were enforceable. The defendants argue that their appeal divests me of jurisdiction over those aspects of the case involved in an appeal concerning whether a matter is arbitrable, *Bradford-Scott v. Data Corp.*, 128 F.3d 504 (7th Cir. 1997), and under that case, ask me to stay proceedings. I decline to do this.

First, in their argument, and indeed their appeal, the defendants fail to understand my determinations, although I do not think they were unclear or misleading. I did not hold that the arbitration agreement was unenforceable. I held that as a matter of fact, no one had tried to enforce it. I said: "The plaintiffs assert that no one has elected to arbitrate anything, and the defendants do not deny this." 193 F.R.D. at 549. In their motion to dismiss, the defendants argued only that the contract contains an arbitration clause. But that was not enough. Since the arbitration clause was elective, it must have been elected to be effective. The

2

failure of any party to attempt to enforce it, not disputed by the defendants, means that the clause was idle whether or not it was enforceable. So my decision not to dismiss the individual TILA claims of the three named class members whose contracts involved an arbitration clause rested solely on my factual finding that this clause had not been elected, regardless of whether it was enforceable if it had been invoked.[1] I believe, therefore, that I still have jurisdiction over these claims.

Second, even if I had decided that the arbitration clause was unenforceable, the issue would arise in this case only with respect to the individual TILA claims of the three named parties, Anderson, Tillman, and Jones, whose individual claims the defendants asked me to dismiss in their motion to dismiss. The defendants did not move to dismiss the claims of any of the unnamed class members on this basis, and so have waived any such argument or motion. A hypothetical determination that the clause was unenforceable with respect to those three individuals would not affect whatever percent of the absent class members that, it is alleged, also have

---

[1] I further stated that the plain language of the contract meant that the arbitration clause was "one way," that once a party had sued under the contract, the other party could not then preempt the lawsuit by electing arbitration, but this was dictum, because the arbitration clause was not triggered.

3

enforceable arbitration clauses. Because the arbitration clause is elective, if I had ruled on the arbitrability of the three named plaintiffs' claims, I would have had to have found that someone had tried to arbitrate those claims, *i.e.*, that arbitration had been elected. Had I done so, the finding would have been restricted to the plaintiffs who had elected it. If I had found that the defendants had invoked the arbitration clause in those three cases, this would not apply to the many thousands of cases involving the unnamed class members about whom I made no determination as to whether anyone elected to arbitrate their claims.

Finally, an arbitrator would have been bound by my determination of the law in the June 13, 2000, order, where I refused to dismiss the plaintiffs' claims because the defendants had violated the TILA disclosure requirements for the reasons there explained. I repeated and further explained this conclusion in my order of September 22, 2000, granting the plaintiffs summary judgment, but the law of the case was decided in the June order in accord with the way almost all courts of this district have decided it. An arbitrator cannot act contrary to law, nor contrary to the law of the case, nor review matters I have already decided where the parties have had a full and fair opportunity to argue their case. Therefore, even if any claim by any class member had

4

subsequently come to arbitration because, counterfactually, an arbitration clause had kicked in, it would have been governed by the law as determined in the June 13, 2000, order, which was that TILA required more for disclosure than the defendants provided.

The motion for a stay of proceedings is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: November 6, 2000